UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-902 RGK (MRW) | Date | May 31, 2013 |
|---|---|---|---|
| Title | Coffelt v. CDCR | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| n/a | | n/a |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OF COMPLAINT

    Plaintiff Coffelt is a convicted sex offender currently on parole in Riverside, California. This civil rights action – his third in this Court in the last year – alleges a new due process violation. Plaintiff contends that the CDCR unfairly and without explanation extended the term of his parole indefinitely. Plaintiff does not contend that he has been found in violation of his extended parole term or incarcerated on that basis. Instead, he contends that the mere act of a state parole agent providing him with paperwork showing the extension itself is a violation of the federal constitution that conveys jurisdiction on this Court to hear his civil rights action. As relief, Plaintiff requests that the Court order the CDCR to change the length of his parole term. (Complaint at 8.)

    In the body of his complaint, Plaintiff cites two federal judicial decisions. United States v. Cornwell, 625 F.2d 686 (5th Cir. 1980), deals with procedures when a federal probationer has his term of probation extended. In that circumstance, the circuit court affirmed both the extension of probation and subsequent revocation proceedings. Nevertheless, the court concluded that probationers should be provided notice of their right to a hearing in the court of conviction before such extensions occur.

    Plaintiff also cites to Marshall v. Lansing, 839 F.2d 933 (3rd Cir. 1988), a habeas action in which a federal defendant challenged the former federal parole commission's determination to extend defendant's federal parole. The issue of the extension of parole was relevant to the determination of defendant's punishment for a subsequent infraction, but was not itself the basis for any relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-902 RGK (MRW) | Date | May 31, 2013 |
|---|---|---|---|
| Title | Coffelt v. CDCR | | |

In sum, neither case to which Plaintiff cites provides support for his contention that he may maintain a federal civil rights action to challenge aspects of his state parole term. To the contrary, at best, Cornwall suggests that Plaintiff may be served by seeking review of the CDCR's actions in the state superior court, which is the court that originally imposed the criminal sentence on him.

On its face, Plaintiff's complaint fails to state a plausible basis for federal court jurisdiction. He apparently has not presented his claim to the state court responsible for administering his criminal judgment or any potential parole violation action. Indeed, it is not clear that Plaintiff's claim regarding the legality of his future parole status is even ripe for adjudication. See Ass'n of American Medical Colleges v. United States, 217 F.3d 770, 782 (9th Cir. 2000) (claim "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all"). Moreover, the limited authorities upon which Plaintiff relies in his complaint do not demonstrate a basis for federal jurisdiction over this action under Federal Rule of Civil Procedure 8(a).

Therefore, it is ORDERED that Plaintiff show cause why this action should not be dismissed for failure to state a cause of action. By or before June 24, 2013, Plaintiff will submit either: (a) a memorandum of law (not to exceed 10 pages) concisely setting forth this Court's authority to consider Plaintiff's specific claims; or (b) a request for voluntary dismissal of the action without sanction.